IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 10-2001 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES SCHAEFER, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE RE: DRUG-RELATED FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea entered by defendant to Counts 1 and 2 of the Information, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), defendant shall forfeit to the United States:

any property constituting, or derived from proceeds obtained, directly or indirectly, as a result of said violation, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which defendant is convicted, and all property traceable to such property.

2. The Court has determined, based on the guilty plea entered on February 18, 2010, that the following personal property is subject to forfeiture pursuant to 21 U.S.C § 853(a)(1), that the defendant had an interest in such property, and that

the government has established the requisite nexus between such property and such offense:

    a.    a 1997 Trailstar trailer, VIN # 4TM13BE16VB002404, registered to James Anthony Schaefer, Jr.;

    b.    a 1997 Fisher 16 foot, 7 inch fiberglass boat with outboard motor, Hull number BUJ43475J697, titled in the name of James A. Schaefer, title number 070917321,

    c.    a tan 2000 C35 3500 Chevrolet Silverado, VIN #1GCHK33J3YF482828 registered to James Anthony Schaefer, Jr.; and

    d.    a modified stock race car, white with purple detailing and insignias, and the number 13 emblazoned on the roof.

3.    Upon entry of this Order, the United States (or its designee) is authorized to seize the property identified in paragraph 2, whether held by the defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.    Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.    The United States shall publish notice of the order and of its intent to dispose of the property pursuant to Rule 32.2(b)(6) of the Rules of Criminal Procedure in accordance with Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure. The United States may also, to the extent practicable, send notice to any person known to have an alleged interest in the subject property pursuant to Rule 32.2(b)(6) and in accordance with Supplemental Rule G(4)(b)(iii-iv) of the Federal Rules of Civil Procedure.

6. Any person, other than the defendant, asserting a legal interest in the subject property may, within sixty (60) days from the first date of internet publication on www.forfeiture.gov, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56 pursuant to Fed.R.Crim.P. 32.2(c)(1)(B).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of Court shall forward one certified copy of this order to Assistant United States Attorney Martin J. McLaughlin, U.S. Attorney's Office, Northern District of Iowa.

**DATED** this 27 day of April, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA